UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLAUDIO VILLANUEVA and EHINAR CRUZ,<br><br>       Plaintiffs,<br><br>v.<br><br>WASHINGTON SQUARE MANAGEMENT LLC d/b/a PARLOR PIZZA BAR, and MICHAEL BISBEE, individually,<br><br>       Defendants. | |

**COMPLAINT AT LAW**

Plaintiffs Claudio Villanueva and Ehinar Cruz, by and through their attorneys, Caffarelli & Associates Ltd. complain against Defendants Washington Square Management LLC d/b/a Parlor Pizza Bar ("Parlor" or "Restaurant"), and Michael Bisbee ("Bisbee"), as follows:

**NATURE OF ACTION**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA") for Defendants' failure to pay overtime wages due to Villanueva and Cruz during their employment. Specifically, Defendants have violated the FLSA by failing to pay Villanueva and Cruz at a rate equal to one and one-half times their regular rate of pay (the "overtime rate") for all hours worked in excess of forty (40) per workweek.

2. Plaintiffs also bring a claim under the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.* ("IMWL"), for the Restaurant's failure to pay overtime wages as described in Paragraph 1.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

4. The unlawful employment practices described herein were committed within the State of Illinois, at Defendants' restaurant located in Chicago, Illinois. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Villanueva was employed by Defendants as a sous-chef from June 2014 until on or around January 7, 2015.

6. Cruz was employed by Defendant as a sous-chef from October 2014 until on or around January 7, 2015.

7. Villanueva resides in Burbank, Illinois, in this judicial district.

8. Cruz resides in Chicago, Illinois, in this judicial district.

9. Defendant Parlor is an Illinois corporation engaged in the restaurant business. It is located at 108 North Green Street, Chicago, Illinois, in this judicial district.

10. Defendant Bisbee is the owner of Defendant Parlor.

11. Defendant Bisbee is involved in the day-to-day business operations of Defendant Parlor. Among other things, Defendant Bisbee has the authority to, and does, hire and fire employees; direct and supervise the work of employees; sign on Defendant Parlor's checking accounts, including payroll accounts; and make or participate in decisions regarding employee compensation.

## FACTUAL ALLEGATIONS

12. Villanueva began working for Defendants in June 2014 and remained employed by the Restaurant until on or about January 7, 2015.

13. Cruz began working for defendants in October 2014 and remained employed by the Restaurant until on or about January 7, 2015.

14. Both Plaintiffs worked for Defendants as sous-chefs.

15. Throughout their employment, Plaintiffs were not exempt from the overtime provisions of the FLSA and IMWL.

16. Throughout Plaintiffs' employment, Defendants paid them a salary that did not fluctuate based upon their actual hours worked.

17. Plaintiffs routinely worked in excess of forty (40) hours per workweek.

18. Specifically, Villanueva regularly worked approximately sixty (60) hours per workweek; and Cruz regularly worked between fifty five (55) and sixty (60) hours per workweek.

19. The Restaurant knew or should have known that Plaintiffs routinely worked in excess of forty (40) hours per workweek.

20. Plaintiffs were entitled to be paid at the overtime rate for all hours worked in excess of forty (40) hours per workweek.

21. Defendants failed to pay Plaintiffs at the overtime rate for any hours worked in excess of forty (40) hours per workweek.

22. Defendants were aware of their obligation to pay non-exempt workers overtime pay and intentionally chose not to pay Plaintiffs accordingly.

23. Defendants acted in bad faith in failing to properly compensate Plaintiffs for the work they performed.

24. This failure to compensate Plaintiffs for their work constitutes wage theft, deprives the United States of needed tax revenue, and undermines free enterprise by placing the Restaurant at an unfair competitive advantage.

## COUNT I – FAIR LABOR STANDARDS ACT

25. Plaintiffs incorporate Paragraphs 1 – 24 as though fully set forth herein.

26. This Count arises from Defendants' violation of the FLSA, 29 U.S.C. § 207, for the Restaurant's failure to pay Plaintiffs at the overtime rate for all hours worked in excess of forty (40) per workweek.

27. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs worked in excess of forty (40) hours, they were entitled to be compensated at the overtime rate of one and one-half times their normal hourly rate of pay.

28. Defendants failed to pay Plaintiffs the overtime rate for hours worked in excess of forty (40) per workweek.

29. Defendants knew, or should have known, of the requirements of the FLSA.

30. Defendants willfully failed to pay Plaintiff overtime for hours worked in excess of forty (40) per workweek, despite the fact that they knew, or should have known, of the requirements of the FLSA.

31. In failing to pay Plaintiffs overtime, Defendants' acts were not based upon good faith or reasonable grounds.

WHEREFORE, Plaintiffs Claudio Villanueva and Ehinar Cruz respectfully request that this Court enter an order as follows:

a) Awarding judgment for back pay equal to the amount of all unpaid wages for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

b) Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

c) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

d) Awarding reasonable attorneys' fees and costs incurred in filing this action;

e) Entering an injunction precluding Defendant from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

f) Ordering such other and further relief as the Court deems appropriate and just.

## COUNT II – ILLINOIS MINIMUM WAGE LAW

32. Plaintiff incorporates Paragraphs 1 – 24 as though fully set forth herein.

33. The matters set forth in this Count arise from Defendants' violations of the overtime compensation provision of the IMWL, 820 Ill, Comp. Stat. 105/4(a).

34. Plaintiffs were employees of Defendants who were not paid overtime wages under the IMWL, 820 Ill. Comp. Stat. 105/1 *et seq.*, during their employment with the Restaurant. Plaintiffs Claudio Villanueva and Ehinar Cruz bring this action pursuant to 820 Ill. Comp. Stat. 105/12(a).

35. At all relevant times herein, Defendants were "employers" as defined in the IMWL, 820 Ill. Comp. Stat. 105/3(c).

36. At all relevant times, Plaintiffs were employed by Defendants as "employees" within the meaning of the IMWL, 820 Ill. Comp. Stat. 105/1 *et seq*.

37. Pursuant to 820 Ill. Comp. Stat. 105/4(a), for all weeks during which Plaintiffs worked in excess of forty (40) hours, they were entitled to be compensated at one and one-half times their normal hourly rate of pay for their excess hours.

5

38. Defendants failed to pay wages at the overtime rate to Plaintiffs for all hours worked in excess of forty (40) per work week.

39. Defendants violated the maximum hours provision of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/4(a), by refusing to compensate Plaintiffs at the overtime rate for all hours worked in excess of forty (40) hours per week.

40. Pursuant to 820 Ill. Comp. Stat. 105/12(a), Plaintiffs are entitled to recover unpaid wages for three years prior to the filing of this suit, plus statutory damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiffs Claudio Villanueva and Ehinar Cruz respectfully request that this Court enter an order as follows:

a) Awarding judgment in an amount equal to all unpaid back pay owed to Plaintiffs pursuant to the IMWL;

b) Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

c) Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

d) Awarding reasonable attorneys' fees and costs incurred in filing this action;

e) Entering an injunction precluding Defendants from violating the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 et seq.; and

f) Ordering such other and further relief as this Court deems appropriate and just.

Dated: February 12, 2015                        Respectfully submitted,

Alejandro Caffarelli, #06239078
Alexis D. Martin, #06309619                     CLAUDIO VILLANUEVA and EHINAR
Caffarelli & Associates Ltd.                    CRUZ,
224 S Michigan Avenue, Ste. 300
Chicago, IL  60604                              By: /s/  Alejandro Caffarelli
Tel. (312) 763-6880                                  Attorney for Plaintiffs