# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Washington Square Management LLC ("Washington Square"), Michael Bisbee ("Bisbee"), Claudio Villanueva and his heirs, executors, administrators, successors, and assigns ("Villanueva"), and Ehinar Cruz and his heirs, executors, administrators, and assigns ("Cruz") (together with Washington Square, Bisbee, and Villanueva, the "Parties"), enter into the following Settlement Agreement and General Release ("Agreement"):

WHEREAS, on February 12, 2015, Villanueva and Cruz filed a Complaint in the United States District Court for the Northern District of Illinois, Eastern Division (the "Court") against Washington Square Management LLC and Micahel Bisbee alleging violations of the Fair Labor Standards Act ("FLSA") and Illinois Minimum Wage Law ("IMWL") ("the Lawsuit");

WHEREAS, Washington Square and Bisbee deny that Villanueva or Cruz are owed any amounts under the FLSA or IMWL;

WHEREAS, the Parties to this Agreement desire to fully and finally resolve all claims that Villanueva and Cruz have or may have against Washington Square and Bisbee;

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Consideration.** In consideration for Villanueva's and Cruz's promises under this Agreement, and complying with its terms, Washington Square agrees to pay Villanueva, Cruz, and their attorneys the total amount of Eight Thousand Three Hundred Dollars ($8,300.00) to be distributed as follows:

    (a) A check made payable to Villanueva in the gross amount of $2,622, less normal and ordinary payroll deductions required by law, to be reported on an IRS Form W-2 ("Back Wages");

    (b) A check made payable to Cruz in the gross amount of $1,375, less normal and ordinary payroll deductions required by law, to be reported on an IRS Form W-2 ("Back Wages");

    (c) A check for attorney's fees, costs and expenses payable to Caffarelli & Associates Ltd., 224 S. Michigan Ave., Ste. 300, Chicago, IL 60604, in the amount of $2,151.50 to be reported on IRS Form 1099s to Villanueva and Caffarelli & Associates Ltd. in accordance with IRS regulations ("Attorney's Fees"); and

    (d) A check for attorney's fees, costs and expenses payable to Caffarelli & Associates Ltd., 224 S. Michigan Ave., Ste. 300, Chicago, IL 60604, in the amount of $2,151.50 to be reported on IRS Form 1099s to Cruz and Caffarelli & Associates Ltd. in accordance with IRS regulations ("Attorney's Fees").

The consideration set forth above shall be provided to Caffarelli & Associates Ltd. within fourteen (14) days after Villanueva and Cruz deliver all of the following documents to counsel for Washington Square and Bisbee:

(1) a copy of this Agreement executed by Villanueva and Cruz;

(2) a completed W-9 form for Villanueva's and Cruz's attorneys; and

(3) an order entered by the Court approving this Agreement in accordance with Paragraph 6 below.

2. **No Consideration Absent Execution of this Agreement.** Villanueva and Cruz understand and agree that they and their attorneys would not receive the monies and/or benefits specified in Paragraph 1 above, except for their execution of this Agreement and the fulfillment of the promises contained herein.

3. **General Release of All Claims by Villanueva and Cruz.** Villanueva and Cruz knowingly and voluntarily release and forever discharge Washington Square, Bisbee, any and all owners, members, or shareholders of Washington Square, and Washington Square's current and former employees, attorneys, officers, directors, subsidiaries, divisions, predecessors, insurers, successors and assigns, including both individually and in their business capacities (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Villanueva and Cruz have or may have against the Releasees as of the date of execution of this Agreement, including, but not limited to any claims related to his employment or separation of employment from Washington Square and any claims based on the following:

- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan);
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Older Workers Benefit Protection Act ("OWBPA");
- The Age Discrimination in Employment Act of 1967 ("ADEA");
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act;
- The Fair Labor Standards Act ("FLSA");
- The Equal Pay Act;
- The Uniformed Services Employment and Reemployment Rights Act;
- The Illinois Human Rights Act;
- Any Illinois statutory law regarding retaliation/discrimination for filing a workers' compensation claim;
- The Illinois common law claim for retaliation for filing a workers' compensation claim;
- The Illinois Equal Pay Act;

- The Illinois Equal Wage Act;
- The Illinois Wage Payment and Collection Act;
- The Illinois Minimum Wage Law;
- The Illinois One Day Rest in Seven Act;
- The Illinois Eight Hour Day Act;
- The Illinois Family Military Leave Act;
- The Illinois Worker Adjustment and Retraining Notification Act;
- The Illinois Health and Safety Act;
- The Illinois Whistleblower Act;
- The Illinois School Visitation Rights Act;
- The Illinois AIDS Confidentiality Act;
- Illinois Right to Privacy in the Workplace Act;
- The Illinois Genetic Information Privacy Act;
- The Illinois Personnel Record Review Act;
- The Illinois Victims' Economic Safety and Security Act;
- Smoke Free Illinois Act;
- Cook County Human Rights Ordinance;
- any other federal, state or local law, rule, regulation, or ordinance;
- any public policy, contract, tort, or common law; or
- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

Villanueva and Cruz are not waiving any rights they may have to: (a) their own vested accrued employee benefits under Washington Square's health, welfare, or retirement benefit plans; (b) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (c) pursue claims which by law cannot be waived by signing this Agreement; and/or (d) enforce this Agreement.

Governmental Agencies. Nothing in this Agreement prohibits or prevents Villanueva or Cruz from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before any federal, state, or local government agency (e.g. EEOC, NLRB, SEC., etc.), nor does anything in this Agreement preclude, prohibit, or otherwise limit, in any way, Villanueva's or Cruz's rights and abilities to contact, communicate with, report matters to, or otherwise participate in any whistleblower program administered by any such agencies. However, to the maximum extent permitted by law, Villanueva and Cruz agree that if such an administrative claim is made, they shall not be entitled to recover any individual monetary relief or other individual remedies.

Collective/Class Action Waiver. If any claim is not subject to release, to the extent permitted by law, Villanueva and Cruz waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Employer or any other Releasee identified in this Agreement is a party.

    **4.**    **Acknowledgments and Affirmations**. Villanueva affirms that Villanueva has not filed, caused to be filed, or presently is a party to any claim, complaint, or action against Washington Square or Bisbee in any forum or form, except the Lawsuit.

    Cruz affirms that Cruz has not filed, caused to be filed, or presently is a party to any claim, complaint, or action against Washington Square or Bisbee in any forum or form, except the Lawsuit.

    Villanueva also affirms that Villanueva has been granted any leave to which Villanueva was entitled under the Family and Medical Leave Act or state or local leave or disability accommodation laws.

    Cruz also affirms that Cruz has been granted any leave to which Cruz was entitled under the Family and Medical Leave Act or state or local leave or disability accommodation laws.

    Villanueva further affirms that Villanueva has no known workplace injuries or occupational diseases.

    Cruz further affirms that Cruz has no known workplace injuries or occupational diseases.

    Villanueva acknowledges that he solely is responsible for any liens made in connection with any services performed on Villanueva's behalf by any attorney, consultant, health care providers or other third parties.

    Cruz acknowledges that he solely is responsible for any liens made in connection with any services performed on Cruz's behalf by any attorney, consultant, health care providers or other third parties.

    Villanueva further acknowledges and agrees that he will indemnify the Releasees for any and all costs any of them incur as a result of any claims made by attorneys, consultants, health care providers or other third parties to recover monies from the amounts payable to Villanueva under this Agreement.

    Cruz further acknowledges and agrees that he will indemnify the Releasees for any and all costs any of them incur as a result of any claims made by attorneys, consultants, health care providers or other third parties to recover monies from the amounts payable to Cruz under this Agreement.

    **5.**    **Limited Confidentiality and Return of Property**. Villanueva and Cruz agree not to disclose any information regarding the underlying facts leading up to or the existence or substance of this Agreement and General Release, except as necessary to secure Court approval of this Agreement and as necessary to their respective spouses, tax advisors, and/or an attorneys with whom either chooses to consult regarding their respective consideration of this Agreement and General Release.

Villanueva affirms that he has returned all of Washington Square's property, documents, and/or any confidential information in his possession or control. Villanueva also affirms that he is in possession of all of his property that he had at Washington Square's premises and that Washington Square is not in possession of any of Villanueva's property.

Cruz affirms that he has returned all of Washington Square's property, documents, and/or any confidential information in his possession or control. Cruz also affirms that he is in possession of all of his property that he had at Washington Square's premises and that Washington Square is not in possession of any of Cruz's property.

6. **Submission to Court for Purposes of Approval of Settlement**. The Parties intend for Villanueva and Cruz to waive any and all claims they may have against the Releasees from the beginning of time up to and including the date on which they sign this Agreement, including claims under the FLSA and IMWL and therefore desire that this Agreement be approved by the Court. Accordingly, the Parties agree to the following:

(a) Following execution of this Agreement, Villanueva and Cruz will cause their attorney to file a Joint Motion for Approval of Settlement and Dismissal of Claims ("Joint Motion");

(b) Drafts of the Joint Motion and a proposed order are attached to this Agreement as Attachments A and B and incorporated herein;

(c) In the event the Agreement is not approved by the Court, this Agreement shall be null and void and no payments shall be made pursuant to the Agreement.

7. **Governing Law and Interpretation**. This Agreement and General Release shall be governed in accordance with the laws of the State of Illinois without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement and General Release, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8. **Nonadmission of Wrongdoing**. The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

9. **Amendment**. This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

10. **Costs and Attorney's Fees**. Except to the extent stated in Paragraph 1 of the Agreement, each Party to the Agreement shall bear his or its own costs and attorney's fees associated with this dispute, as well as the negotiation and preparation of the Agreement.

**11. Fair Meaning.** The language of all parts of this Agreement shall in all cases be construed as a whole according to fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

**12. Entire Agreement.** This Agreement sets forth the entire agreement between the Parties, and fully supersedes any prior agreements, understandings or obligations between the Parties pertaining to the subjects addressed herein. Villanueva and Cruz acknowledge that they have not relied on any representations, promises, or agreements of any kind in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

**13. Assignment of Claims.** Villanueva and Cruz hereby represent and warrant that they have not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

**14. Signatures.** This Agreement may be signed in counterparts, each of which shall be deemed an original, but all of which, taken together shall constitute the same instrument. A signature made on a faxed or electronically mailed copy of the Agreement or a signature transmitted by facsimile or electronic mail will have the same effect as the original signature.

**15. VILLANUEVA AND CRUZ ARE ADVISED TO CONSULT WITH THEIR ATTORNEYS PRIOR TO THEIR SIGNING OF THIS AGREEMENT, AFFIRM THAT THEY HAVE SO CONSULTED WITH THEIR ATTORNEYS AND AFFIRM THAT THEY FREELY AND KNOWINGLY ENTER INTO THIS AGREEMENT AFTER DUE CONSIDERATION.**

The parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

Claudio Villanueva

By: _[signature]_
Claudio Villanueva
Date: 5/27/15

Washington Square Management LLC

By: _[signature]_
Name: M. Bckn
Title: Member of the LLC
Date: 5-28-15

Ehinar Cruz

By: _____
Ehinar Cruz

Date: 5-28-2015

Michael Bisbee

By: _____

Date: 5-28-15

4813-7962-6779, v. 1

## ATTACHMENT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLAUDIO VILLANUEVA and EHINAR CRUZ, </br></br>       Plaintiffs, </br></br>v. </br></br>WASHINGTON SQUARE MANAGEMENT LLC d/b/a PARLOR PIZZA BAR, and MICHAEL BISBEE, individually, </br></br>       Defendants. | Case No. 1:15-cv-01346 |

### JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AND DISMISSAL OF COMPLAINT

NOW COME Defendants, Washington Square Management LLC and Michael Bisbee (hereinafter referred to as "Defendants") and Plaintiffs Claudio Villanueva and Ehinar Cruz (hereinafter referred to as "Plaintiffs") (collectively "the Parties"), by and through their respective attorneys, jointly move for the Court to approve the settlement entered between the Parties. In support of the motion, the Parties state as follows:

1. Plaintiffs filed a Complaint against Defendants alleging violations of the Fair Labor Standards Act, ("FLSA") and Illinois Minimum Wage Law ("IMWL"), arising out of his former employment with Washington Square Management LLC.

2. Following negotiations between counsel for Defendants and counsel for Plaintiffs, the Parties have reached a mutually satisfactory settlement.

3. When an employee asserts a claim against his employer or former employer for wages under the FLSA, IMWL, or IWPCA, any settlement of that claim requires a court to

review the settlement for fairness. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (FLSA); *Lewis v. Giordano's Enterprises, Inc.*, 921 N.E.2d 740, 751 (1st Dist. 2009) (IMWL).

4. Attached hereto as Exhibit A is the Settlement Agreement and General Release entered into between Defendants and Plaintiffs.

5. The Parties request the Court approve the Settlement Agreement because it is a fair and reasonable resolution of bona fide disputes over wages under the FLSA and IMWL.

6. Upon approval of the Settlement Agreement, the Parties further request the dismissal of this suit, without prejudice, that will become with prejudice 21 days thereafter, with each party to bear its or his own costs and attorneys' fees.

WHEREFORE, for the foregoing reasons, Plaintiffs and Defendants respectfully request that this Court enter an Order approving the Settlement Agreement as a fair and reasonable resolution of bona fide disputes under the FLSA and IMWL and dismiss this suit as set for the above and with each party to bear its or his own costs and attorneys' fees.

Dated:

Respectfully submitted,

| | |
|---|---|
| **CLAUDIO VILLANUEVA**<br>**EHINAR CRUZ**<br><br>By: /s/<br>    One of Plaintiffs' Attorneys<br><br>Caffarelli & Associates, Ltd.<br>224 S. Michigan Ave., Suite 300<br>Chicago, Illinois 60604<br>Tel. (312) 763-6880 | **WASHINGTON SQUARE**<br>**MANAGEMENT LLC**<br>**d/b/a PARLOR PIZZA BAR,**<br>**and MICHAEL BISBEE, individually,**<br><br>By: /s/<br>One of Defendants' Attorneys<br><br>Jackson Lewis P.C.<br>150 North Michigan Avenue, Suite 2500<br>Chicago, Illinois 60601<br>Tel. (312) 787-4949 |

## ATTACHMENT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLAUDIO VILLANUEVA and EHINAR CRUZ, <br><br> Plaintiffs, <br><br> v. <br><br> WASHINGTON SQUARE MANAGEMENT LLC d/b/a PARLOR PIZZA BAR, and MICHAEL BISBEE, individually, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 1:15-cv-01346 |

### ORDER OF APPROVAL OF SETTLEMENT AND ORDER OF DISMISSAL

**THIS CAUSE** having come before the Court on the Parties' Joint Motion for Court Approval of Settlement and Dismissal of Complaint, it is hereby:

**ORDERED AND ADJUDGED** as follows:

1. This Court hereby grants the Parties' Joint Motion for Court Approval of Settlement.

2. After having reviewed the terms and conditions hereof, this Court hereby accepts and approves the settlement reached between the parties as a fair and reasonable settlement of a bona fide dispute over the provisions of the Fair Labor Standards Act and the Illinois Minimum Wage Law.

3. The lawsuit is hereby dismissed without prejudice, which will become with prejudice 21 days thereafter, with each party to bear his or its own attorneys' fees and costs except as otherwise agreed.

**ORDERED** this ___ day of                              .

                                                  _____.
                                                  Honorable Judge John Z. Lee

4837-0818-3588, v. 1